UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>Elizabeth L. Stotsky, Debtor<br><br>COLONIAL SAVINGS F.A., Movant,<br><br>v.<br><br>Elizabeth L. Stotsky, Debtor,<br>and<br>Jack N. Zaharopoulos, Trustee, Respondents. | Chapter 13<br><br>Case No. 23-02500 (HWV) |

## ANSWER TO MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW comes the Debtor, by and through undersigned counsel, answers the Motion for Relief from Automatic Stay filed by Colonial Savings F.A. as follows:

1. Denied. The averments of Paragraph 1 consist of legal conclusions to which no response is required. To the extent a response is deemed required, they are denied.

2. Denied. The averments of Paragraph 2 consist of conclusions of law or writings for which the document itself is the best evidence. Strict proof is demanded.

3. Denied. The averments of Paragraph 3 consist of legal conclusions to which no response is required.

4. Denied. The averments of Paragraph 4 reference writings, the contents of which are the best evidence of their terms. Strict proof is demanded.

5. Denied. The averments of Paragraph 5 consist of conclusions of law to which no response is required.

6. Denied. The averments of Paragraph 6 are denied as conclusions of law or matters requiring documentary proof. Strict proof is demanded.

7. Denied. The averments of Paragraph 7 are denied. Debtor is willing to amend the plan to include any post-petition delinquency that is proven.

8. Denied. The averments of Paragraph 8 consist of legal conclusions to which no response is required. To the extent that a response is required, the Debtor broke her foot during the summer of 2025 which caused an interruption in employment income and prevented her from making payments. The Debtor has located new employment which will pay higher compensation. The lapse in payments is likely to be a one-time anomaly which is unlikely to be repeated. Movant is adequately protected by the stream of ongoing payments plus the value of the Property. The value of the property is listed on the debtor schedules is $177,825. The motion asserts a mortgage balance of $127,153.00. Movant is adequately protected.

9. Denied. The averments of Paragraph 9 are denied. Strict proof is demanded.

10. Denied. The averments of Paragraph 10 are denied as conclusions of law. Strict proof is demanded.

11. Denied. The averments of Paragraph 11 are denied as conclusions of law. Strict proof is demanded.

WHEREFORE, Debtor respectfully requests that this Honorable Court deny Movant's Motion for Relief from Automatic Stay and grant such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Brent C. Diefenderfer
Brent C. Diefenderfer, Esquire
CGA Law Firm
135 North George Street
York, PA 17401
Phone: (717) 848-4900
Email: bdiefenderfer@cgalaw.com
Attorney for Debtor

# CERTIFICATE OF SERVICE

I, Brent C. Diefenderfer, Esquire, hereby certify that on this 18th day of September, 2025, I caused a true and correct copy of the foregoing Answer to Motion for Relief from Automatic Stay to be served upon the following parties by electronic notification via the Court's CM/ECF system and/or by first class United States mail, postage prepaid, as indicated:

Via CM/ECF Electronic Notification:
Jack N. Zaharopoulos, Chapter 13 Trustee

Matthew Fissel, Esquire
KML Law Group, P.C.
Counsel for Movant Colonial Savings F.A.

    Respectfully submitted,

    /s/ Brent C. Diefenderfer
    Brent C. Diefenderfer, Esquire
    CGA Law Firm
    135 North George Street
    York, PA 17401
    Phone: (717) 848-4900
    Email: bdiefenderfer@cgalaw.com
    Attorney for Debtor